ANTONSANTI &᾿ LA COSTA, Plaintiffs and Appellees, v. HEIRS OF ANNA AXTMAYER, Defendants and Appellants.

No. 5248.   Argued February 4, 1931.—Decided February 10, 1931.

*A. Quintana Cajas* for appellants.   *Dubón & Ochoteco* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Plaintiffs in an action for $800, obtained a judgment for $400 and costs.

Defendants appeal from an order approving a memorandum of costs and say that the district court exceeded its jurisdiction by the allowance of attorneys' fees.

Section 327 of the Code of Civil Procedure as amended in 1908 (Comp. St. 1911, sec. 5371) authorized an allowance of attorneys' fees as a part of the costs only in actions or proceedings wherein the subject matter exceeded five hundred dollars.   This section was further amended in 1917 (Session Laws, 206) by removal of the restriction as to the amount in controversy.   Appellants rely on the law as amended in 1908 and assume that the "subject matter" is $400, the amount of the judgment exclusive of costs, not

$800, the amount named in the complaint. The amendment of 1917, of course, eliminates the question as to jurisdictional amount.

Another contention is that the district court abused its discretion in awarding costs to plaintiffs. If defendants wished to obtain a review of such alleged abuse of discretion they should have presented the point specifically on appeal from the judgment. This they failed to do. *Antonsanti & La Costa* v. *Heirs of Axtmayer*, 39 P.R.R. 539. This question comes too late when raised for the first time on appeal from an order approving a memorandum of costs.

The third contention is that the amount allowed as attorneys' fees is excessive.

In the memorandum, plaintiffs claimed $400 as attorneys' fees. The court allowed one-half of this amount. All things considered, we think that this item should be further reduced to $100.

The order appealed from will be modified accordingly, and, as modified, affirmed.